IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIANNA APFELBAUM KULA, *et al.*, | No. 4:17-CV-02122 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## ORDER

**AND NOW**, this 23rd day of April 2021, in accordance with the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that:

1. Defendant's motion *in limine* (Doc. 70) is **GRANTED** in part and **DENIED** in part. The motion is granted to the extent it seeks exclusion of the National Transportation Safety Board's ("NTSB") determination of probable cause. It is denied as to the NTSB's safety recommendations.

2. Plaintiffs' motion *in limine* (Doc. 72) is **GRANTED** in part and **DENIED** in part without prejudice. The motion is granted to the extent it seeks to exclude certain statements from Defendant's expert

      report under Federal Rules of Evidence 404 and 702.[1]  It is denied in all other respects.

3.     Plaintiffs' motion *in limine* (Doc. 74) is **DENIED** without prejudice.

4.     Plaintiffs' motion *in limine* (Doc. 76) is **DENIED** as moot.

                                                    BY THE COURT:

                                                    *s/ Matthew W. Brann*
                                                    Matthew W. Brann
                                                    United States District Judge

---

[1]  The specific statements excluded as character evidence under Rule 404 are those referring to: (1) Mr. Apfelbaum's generally hazardous attitudes; (2) his repeated failure of the Instrument Knowledge Test; (3) the fact that Mr. Apfelbaum was just "barely" certified; and (4) characterizations of Mr. Apfelbaum as an "autopilot junkie."  Also excluded under Rule 702 are any and all statements speaking to Mr. Apfelbaum's subjective state of mind prior to and at the time of the accident.